# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>ANTONE OLIVEIRA,<br><br>                              Debtor<br>_____<br><br>ABG CORPORATION,<br>   d/b/a BEACON LUMBER,<br><br>                              Plaintiff<br><br>v.<br><br>ANTONE OLIVEIRA,<br><br>                              Defendant | Chapter 7<br>Case No. 05-11026-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1407 |

## MEMORANDUM OF DECISION

By its complaint in this adversary proceeding, creditor ABG Corporation, d/b/a Beacon Lumber ("Beacon"), objects to the Debtor's discharge, stating one count under 11 U.S.C. § 727(a)(2) that was dismissed at trial on motion for directed verdict and six counts under § 727(a)(4)(A) that remain to be decided.[1] In each remaining count, the Plaintiff contends that the Debtor, Antone Oliveira, knowingly and fraudulently made a false oath—that is, a false

---

[1] The complaint actually lumps the six alleged misrepresentations into a single count under § 727(a)(4)(A). Insofar as each alleged misrepresentation is by itself a possible basis for denial of discharge under § 727(a)(4)(A), the Court treats them as six distinct counts.

I note that at trial and in its post-trial brief, Beacon cited and appears to rely upon other alleged misstatements in the schedules and statement of financial affairs. These other statements were not set forth by Beacon in its complaint, as bases for denial of discharge under § 727(a)(4)(A) or otherwise. Fraud must be pled with particularity. FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"), made applicable to this adversary proceeding by FED. R. BANKR. P. 7009. And a false oath under within the meaning of § 727(a)(4)(A) is a species of fraud. Accordingly, though I have considered the evidence of other false statements as bearing on the Debtor's credibility, they cannot constitute grounds for relief under § 727(a)(4)(A) because the Debtor was afforded no notice as to them.

representation under oath—in the schedules or statement of financial affairs that he filed in his bankruptcy case. This memorandum of decision constitutes the Court's findings of fact and rulings of law under FED. R. CIV. P. 52 (a) as to the counts under § 727(a)(4)(A).

Section 727(a)(4)(A) states, in relevant part, that "[t]he court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." The creditor bears the burden of proof, and the standard is a preponderance of the evidence. As to each statement at issue, the creditor must prove that the debtor made the statement under oath, that the statement was false, and that the Debtor made the false statement knowingly and fraudulently. The Debtor does not dispute that he completed and filed the documents in question under oath.

As to three of the six statements—that the Debtor had no income from employment or operation of his business in 2003 and 2004, that he had no motor vehicle, and that he had no bank accounts—Beacon has failed to prove that the statements were false. No evidence was presented that the Debtor had income in the years in question. The Debtor testified credibly that he was ill and not working during that time, that his corporation, L.O.T., Inc., had ceased doing business, and that he was being supported and housed by his daughter and receiving occasional assistance from other family members. The Debtor also testified that he had no bank account and no motor vehicle, and Beacon adduced no evidence to the contrary. For failure to prove falsity, the objections to discharge that are based on these statement must be overruled.

Two statements—in fact, a single answer of "none" where two items should have been disclosed—clearly were false. Item 18(a) of the statement of financial affairs required that the Debtor list the businesses in which he was an officer or director in the six years immediately preceding the commencement of his bankruptcy case. He answered, "none." In fact, during the

2

six year period he had been the president, treasurer, clerk, and a director of L.O.T., Inc., a small construction business. Also, from March 2002 until July 30, 2004, the Debtor was also the clerk and a director of A.L.O.T., Inc., a small construction business of which the Debtor's daughter, Lynn Castro, was president and principal. As to both L.O.T. and A.L.O.T., the Debtor's answer to item 18(a) was false.

With regard to the last statement, truth or falsity is less clear. Item 2 of the statement of financial affairs required that the Debtor state the amount of income he received "other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case." He responded, "none." Beacon contends that this statement was false because, as the Debtor concedes, during the two-year period, the Debtor had received $18,000 in settlement of a personal injury claim. The nature of the injury and the components of the claim (pain and suffering, medical expenses, lost wages) are not in evidence. It is not clear to the court that monies received in settlement of a personal injury claim are "income" within the meaning of item 2. Item 2 does not define the income it seeks to except by specifying that it does not seek income "from employment, trade, profession, or operation of the debtor's business." Investment income clearly would qualify. Compensation for loss or injury is much less clear.

I need not decide the issue because Beacon has in any event failed to prove that the Debtor's answers to items 2 and 18(a) were made knowingly—that is, with knowledge of falsity—and fraudulently. I reach this conclusion for several reasons.

First, there has been no showing that the answers to items 2 and 18(a) somehow did or might have enabled the Debtor to gain advantage in his bankruptcy case. A.L.O.T. was his daughter's corporation, not his. L.O.T. itself had almost no assets and was grossly insolvent; it

3

had been out of business for two years.  Nor was the Debtor's interest in L.O.T. a secret.  In fact, L.O.T. filed a bankruptcy petition at the same time as the Debtor filed his petition; he disclosed his interest in L.O.T. in the statement of financial affairs filed in that case; the two cases were assigned to the same chapter 7 trustee; and their meetings of creditors were conducted together.  The settlement proceeds had been used to fund his mortgage obligations and did not represent existing, secreted assets.  There is no suggestion that the nondisclosures somehow hid existing assets.  There is simply no indication that the statements in question served a sinister or fraudulent purpose.

  Second, the Debtor's native language is not English; and though he has been in this country since 1959, his English leaves something to be desired.  Nor is he an attorney.  Because of the language barrier and his layman's unfamiliarity with the requirements of bankruptcy forms and practice, he relied heavily on his bankruptcy attorney to elicit from him the requisite information and to complete the forms.  The Debtor signed the forms—or authorized his attorney to file them with his electronic signature—but relied on his attorney to determine whether they had been properly completed.  He testified credibly that he answered his attorney's questions truthfully, and I do not doubt that he did.  For example, he clearly did disclose to his attorney that he owned and was the president and director of L.O.T.  The attorney needed this information in order to file a bankruptcy petition on behalf of L.O.T. and did in fact incorporate that information in the statement of financial affairs that the Debtor signed and filed as president of L.O.T. in the corporate case.  The omission of his interest and positions in L.O.T. from the Debtor's own statement of financial affairs represents an error in preparation and proof reading

by counsel.[2]  I do not mean to suggest that language difficulties relieved the Debtor himself from the obligation to ensure the accuracy of his answers; the point is that the Debtor did in fact rely on counsel, and counsel failed to include in the statement of financial affairs information that the Debtor had clearly given him.

Third, as to monies from the personal injury settlement, the Debtor, in speaking with counsel, had initially been uncertain as to the dates on which he received the settlement installments.  When he determined that they were within the period as to which item 2 was concerned, he so informed his bankruptcy attorney, and amended schedules were prepared accordingly.[3]

Fourth, as to A.L.O.T., the Debtor had instructed the attorney who handled the incorporation *not* to give him a role in the corporation.  It is not clear when he did this.  The Debtor himself signed the Articles of Incorporation, on which he was listed as clerk and a director, in March 2002.  His amended statement of financial affairs indicate that his tenure as an officer and director of A.L.O.T. ended on July 30, 2004.  It is not clear that he ever wanted or accepted a position in A.L.O.T.   In short, it is not clear that the Articles of Incorporation reflect roles that the Debtor knowingly accepted and held.

---

[2]  It was by no means the only error.  The Debtor's Statement of Intention stated that the Debtor intended to reaffirm his debt to Beacon, who at that time held a judicial lien on his home.  The Debtor clearly had no intention of reaffirming that debt; rather, the Debtor moved to avoid Beacon's judicial lien and prevailed on that motion.

[3]  Though an amended statement of financial affairs was introduced into evidence at the trial, the docket in the bankruptcy case does not show that that document had ever been filed in the case.  I surmise that the document was prepared by counsel but never filed.

For all these reasons, the Court concludes that Beacon has failed to prove by a preponderance of the evidence that the three statements in questions were made by the Debtor with knowledge of falsity and intent to defraud. The Court will enter judgment dismissing the complaint, and the Debtor will receive a discharge.

Date: September 28, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc: Roger Stanford, Esq., for Plaintiff
    John Zajac, Esq., for Defendant